**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NARENDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRIS GANTT, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-403-D |

**ORDER**

Petitioner Narender Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on or around June 15, 2019. [Doc. No. 19-1]. Petitioner was placed into removal proceedings, which remain pending. [Doc. No. 19-5, p. 1]; *see* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 4, 2026). On November 13, 2019, an Immigration Judge ordered Petitioner released from custody on a $5,000 bond. [Doc. No. 19-6]. On November 13, 2025, Petitioner was stopped by the Oklahoma Highway Patrol, arrested, and transported to Immigration and Customs Enforcement's Enforcement Removal Operations office for processing. [Doc. No. 19-8]. Petitioner was transported to Cimarron Correctional Facility, where he remains detained. [Doc. No. 1]. On June 2, 2026, Petitioner filed an I-589 form for asylum. [Doc. No. 19-7].

Respondents maintain Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 22, p. 1]. Petitioner challenges his detention on substantive and procedural due process grounds, and requests immediate

release, or in the alternative, a bond hearing. [Doc. No. 1, pp. 4–6]. Respondents filed a response in opposition to Petitioner's Petition [Doc. No. 19], to which Petitioner filed a reply [Doc. No. 20].

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. Nos. 3, 16]. Judge Erwin issued a Report and Recommendation ("Report"), recommending the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 21].

Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 22]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id*.

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Erwin's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226 as opposed to § 1225(b)(2)(A). Moreover, the Court agrees with Judge Erwin's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED in part**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 4th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.